Chase, J.
— I concur with my brethren as to the operation of the testimony given by the Providence Insurance Company in evidence to the jury, and that it created no legal obligation on the company; but I am also of opinion, that the testimony given by them in evidence was inadmissible, and *98 that the circuit court ought not to have permitted the same to have been given in evidence to the jury.
The judgment of reversal was as follows, viz.: This cause came on to be heard, on the transcript of the record of the circuit court, and was argued by counsel; on consideration whereof, the court is of opinion, that there is error in the proceedings and judgment of the said circuit court, in this, that the court gave it in charge to the jury, that the several written papers in the record contained, and the testimony of Richard Jackson, in the said record also stated, did in law amount to full proof of a contract entered into between the plaintiffs and defendants, which was obligatory on both parties ; whereas, it is the opinion of this court, that the instruments of writing and testimony aforesaid, do not in law amount to a contract. It is, therefore, considered *by the court, that the judgment aforesaid be, for this cause, reversed and annulled, and that the cause be remanded to the said circuit court to be again tried, with direction, that the testimony, in the said record contained, does not amount to evidence of a contract concluded between the parties ; and that the defendants do pay to the plaintiffs their eosts.[1]

A contract is only complete and binding, when a proposition made by one party is met 'by an acceptance on the part of the other, •which corresponds with it entirely and adequately. Insurance Co. v. Lyman, 15 Wall. 664; McCotter v. New York, 31 N. Y. 325 ; Sourwine v. Truscott, 17 Hun 432. An application for insurance, by mail, is not a binding contract, unless accepted. Bentley v. Columbia Ins. Co., 17 N. Y. 421. Where parties treat by letter and telegraph, there must be a distinct offer on the one hand, and an acceptance of it on the other, showing a concurrence of the minds of both parties, before either is bound. Deshon v. Fosdick, 1 Woods 286. Until the terms of the agreement have received the assent of both parties, the negotiation is open, and imposes no obligation. Snow v. Miles, 3 Cliff. 608. Thus, an offer to sell at a fixed price, may be revoked, at any time prior to its acceptance; a conditional acceptance does not make it binding as a contract. Stitt v. Huidekoper, 17 Wall. 384; Dox v. Shaver, 14 Hun 392; Hochster v. Baruch, 5 Daly 440. But where one party proposes, by mail, a contract with another, residing at a distance, and the latter accepts it, and deposits its acceptance in the post-office, addressed to the former, it is, from that moment, a complete and binding contract, though the letter of acceptance be never received. Vassar v. Camp, 11 N. Y. 441. Provided such acceptance be put in a course of transmission, within a reasonable time. Chicago and Great Eastern Railway Co. v. Dane, 43 N. Y. 240. So, a contract negotiated by telegraph, is deemed completed, when an unqualified acceptance of the proposal is furnished to the telegraph-office, for transmission, if done within a reasonable time, considering the nature of the contract. Minnesota Oil Co. v. Collier Lead Co., 4 Dill. 431. And this, though the acceptance be not received in time to enable the party to comply with his proposal, in consequence of a derangement of the line of telegraph. Trevor v. Wood, 36 N. Y. 307. And see Howard v. Daly, 61 Id. 362.